**Maria Elena Sandoval SOTO; Yaneth Soto Marlin, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 09–71959.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2011.*

Filed April 27, 2011.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Maria Elena Sandoval Soto, San Francisco, CA, pro se.

Yaneth Soto Marlin San Francisco, CA, pro se.

Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, Justin Robert Markel, Trial, OIL, Daniel Shieh, Esquire, Trial, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM **

Maria Elena Sandoval Soto and Yaneth Soto Marlin, natives and citizens of El Salvador, petition pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), we deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying petitioners' motion to reopen because the motion was filed nearly ten years after the September 11, 1998, filing deadline for motions to reopen seeking relief under the Nicaraguan Adjustment and Central American Relief Act, *see* 8 C.F.R. § 1003.43(e)(1), and petitioners failed to establish grounds for equitable tolling, *see Albillo–De Leon v. Gonzales*, 410 F.3d 1090, 1098–1100 (9th Cir.2005) (equitable tolling available where petitioner is unable to obtain vital information bearing on the existence of a claim "despite all due diligence").

We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a). *See Mejia–Hernandez v. Holder*, 633 F.3d 818, 824 (9th Cir.2011).

Petitioners' remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.